No. 19,772.

FRYER AND STILLMAN, INC. *v.* DENVER RENDERING
COMPANY, ET AL.

(368 P. [2d] 421)

Decided January 29, 1962.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for plaintiff in error.

Mr. SAMUEL M. GOLDBERG, Mr. FRED M. WINNER, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

THE parties appear here as in the trial court, thus plaintiff in error will be referred to as plaintiff or by name and defendants in error as defendants or by name.

By reason of a twelve page amended complaint, five days of trial to the court without a jury, three volumes of testimony consisting of 1341 folios, and 179 exhibits, this action gives a first impression of complexity. Actually, however, the essential allegations of the complaint are simply that plaintiff and defendants entered into an oral contract by which, plaintiff alleges, defendants were to process the offal of plaintiff's cattle to obtain the tallow, deduct the handling charge and freight charges, sell the tallow, and remit the net proceeds to the plaintiff. Defendants deny that these were the terms of the oral contract and allege, on the other hand, that the arrangement between the parties was one of outright sale of the offal, the sales price to be computed from the f.o.b. Chicago prices according to a national publication called the National Provisioner which the parties agreed to use, with plaintiff having the option of using the last day of the month of delivery or the first day of the month following delivery as the date upon which the price was to be computed. The evidence was that the contract extended over a period of five years; that the amounts due were settled upon and payments made monthly over the five-year period. Another facet of the suit — at which the trial never arrived—was the request for an accounting. The parties agreed, however, to try the issue in two phases. The first trial, to which judgment this writ of error issued, was held to determine if the contract between the parties was as contended by the plaintiff. If so, the accounting would necessarily follow since under plaintiff's version only by examination of the books of the defendants could it be determined whether the net proceeds of the sale of tallow from the offal from plaintiff's cattle had, in fact, been remitted. In view of the decision of the court on the contract, the request for

an accounting was denied, to which order error is also assigned.

To say that there was considerable dispute between the parties would be an understatement. The trial was held eleven years after the date the agreement was entered into. The record shows and the court found that plaintiff's officers at best had only a hazy recollection of the oral conversations between the parties, hence the issue before this court is a simple one. It presents the oft-repeated question whether the evidence in the record is sufficient to support the findings and judgment of the trial court.

There is little doubt that the question before the trial court was purely a factual one and that the inquiry by the court was centered wholly upon the question, "What was the contract between the parties?"

The trial judge entered extensive findings consisting of a detailed analysis of the testimony of the witnesses. The court found, and we conclude rightly, that the plaintiffs utterly failed to prove the allegations of the complaint. It found that the *actions* of the parties (if not the recollections after eleven years) supported an outright sale of plaintiff's product to the defendants; that payment had been made therefor according to statements rendered and agreed upon. The burden on the plaintiff to establish the alleged contract, upon which there was not an iota of written memoranda, was not met in the slightest degree—much less by a preponderance of the evidence as required.

▮▮ From the voluminous record before us, reams of testimony could be quoted to show wherein plaintiff's evidence fell short of the proof required, and in some instances diametrically opposite to its allegations. As stated before, the trial court by detailed analysis demonstrated these deficiencies. We are not required to bolster our holding with similar detail. If there was no other example to be cited, the "clincher," nailing down the correctness of the trial court's conclusion, was

the evidence showing the key role the National Provisioner played in the dealings between the parties. The use of this publication repeatedly, month after month, over the entire period of the contract was, as the trial court found, concrete evidence of an outright sale for the price quoted therein on the day involved. This negated the contention of stewardship or agency or consignment requiring payment in accordance with money *actually received* for the tallow, less a stated handling charge.

■ We summarize: The trial court listened to five days of testimony, entered a finding of fact that the oral agreement between the parties was one of outright sale, rather than under a stewardship or consignment contract, and made a further finding that the plaintiff had failed to establish its claim by a preponderance of the evidence. The testimony and exhibits support the finding. Over the years, from 1906 and at least eight times in 1961, this court, in various forms and by various phrases, has ruled to a point of triteness that: "The findings of a trial court as the trier of the facts are binding and conclusive on review by writ of error unless the evidence is wholly insufficient to sustain them." Need it now be necessary to continue to cite authorities for this proposition? We think not.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.